Index No.24CV06334

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSENBERGER, SHEVY AS PARENT AND
NATURAL GUARDIAN OF R., F. AND
ROSENBERGER, SHEVY, INDIVIDUALLY,

Plaintiffs,

-against-

BANKS, DAVID C. (CHANCELLOR), ET AL.,

Defendants.

**CROSS-MOVE FOR SUMMARY JUDGMENT
PURSUANT TO RULE 56 OF THE FEDERAL RULES
OF CIVIL PROCEDURE, AND IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bryn M. Ritchie*
*Tel: (212) 356-0885*
*Matter #: 2024-075974*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES................................................................................................ii

PRELIMINARY STATEMENT........................................................................................ 1

STATEMENT OF MATERIAL FACTS ........................................................................... 2

STATUTORY SCHEME AND STANDARD OF REVIEW ............................................ 2

      A.  Purposes and Procedures of the IDEA........................................................2

      B.  The Burlington/Carter Reimbursement Test under the FAPE
      Framework ...................................................................................................3

ARGUMENT..................................................................................................................... 3

LEGAL STANDARD ....................................................................................................... 3

POINT I

      THE SRO CORRECTLY HELD THAT DEFENDANTS
      OFFERED THE STUDENT A FAPE FOR THE 2019–2020
      SCHOOL YEAR ..........................................................................................5

      A.  Any Procedural Deficiencies Did Not Deny the Student a FAPE
      .....................................................................................................................6

      B.  The DOE Recommended a Substantively Appropriate IEP .........................7

POINT II

      THE SRO CORRECTLY ABSTAINED FROM DETERMINING
      THE REMAINING PRONGS OF THE BURLINGTON/CARTER
      ANALYSIS ...................................................................................................9

CONCLUSION...............................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**                                                                                       **Pages**

*A.C. v. Bd. of Educ.*,
   553 F.3d 165 (2d Cir. 2009)...................................................................................8

*Bd. of Educ. v. Rowley*,
   458 U.S. 176 (1982).......................................................................................4, 7, 9

*C.L. v. Scarsdale Union Free Sch. Dist.*,
   744 F.3d 826 (2d Cir. 2014).................................................................................12

*Cerra v. Pawling Cent. Sch. Dist.*,
   427 F.3d 186 (2d Cir. 2005)..............................................................................7, 9

*Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*,
   137 S. Ct. 988 (2017)............................................................................................9

*Florence Cnty. Sch. Dist. Four v. Carter*,
   510 U.S. 7 (1993)............................................................................................5, 12

*Forest Grove Sch. Dist. v. T.A.*,
   557 U.S. 230 (2009)..............................................................................................3

*Gagliardo v. Arlington Cent. Sch. Dist.*,
   489 F.3d 105 (2d Cir. 2007)..............................................................................4, 5

*Grim v. Rhinebeck Cent. Sch. Dist.*,
   346 F.3d 377 (2d Cir. 2003)..................................................................................8

*M.C. v. Voluntown Bd. of Educ.*,
   226 F.3d 60 (2d Cir. 2000)..................................................................................11

*M.H. v. N.Y.C. Dep't of Educ.*,
   685 F.3d 217 (2d Cir. 2012)...............................................................5, 6, 7, 8, 10

*M.W. v. N.Y.C. Dep't of Educ.*,
   725 F.3d 131 (2d Cir. 2013)..................................................................................5

*Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*,
   397 F.3d 77 (2d Cir. 2005)....................................................................................6

*Mrs. B v. Milford Bd. of Educ.*,
   103 F.3d 1114 (2d Cir. 1997)................................................................................6

*R.E. v. N.Y.C. Dep't of Educ.*,
   694 F.3d 167 (2d Cir. 2012).........................................................................4, 7, 8, 9

**Cases**                                                                                                                                               **Pages**

*C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*,
   746 F.3d 68 (2d Cir. 2014)..........................................................................................................6, 7

*Sch. Comm. of Burlington v. Dep't of Educ.*,
   471 U.S. 359 (1985)..................................................................................................................5, 12

*T.C. v. N.Y.C. Dep't of Educ.*,
   15-CV-3477 (VEC), 2016 U.S. Dist. LEXIS 42545
   (S.D.N.Y. Mar. 30, 2016) ........................................................................................................6, 7

*T.M. v. Cornwall Cent. Sch. Dist.*,
   752 F.3d 145 (2d Cir. 2014).......................................................................................................5, 7

*W.A. v. Hendrick Hudson Cent. Sch. Dist.*,
   927 F.3d 126 (2d Cir. 2019).........................................................................................................6

*W.S. v. Rye City Sch. Dist.*,
   454 F. Supp. 2d 134 (S.D.N.Y. 2006).........................................................................................8

*Wolve v. Taconic Hills Central Sch. Dist.*,
   167 F. Supp. 2d 530 (N.D.N.Y. 2011)........................................................................................12

*Z.C. v. N.Y.C. Dep't of Educ.*,
   222 F.Supp.3d 326 (S.D.N.Y. 2011)............................................................................................5

**Statutes**

34 C.F.R. § 300.513(a)(2)..............................................................................................................8, 9

8 N.Y.C.R.R. § 200.4(d)(2) .............................................................................................................10

8 N.Y.C.R.R. § 200.5(j)(4)(ii) ......................................................................................................8, 9

8 N.Y.C.R.R. § 200.6[h][4][ii][a] ....................................................................................................11

20 U.S.C. § 1400(d)(1)(A)................................................................................................................4

20 U.S.C. §§ 1400 *et seq.*................................................................................................................1

20 U.S.C. § 1401..............................................................................................................................4

20 U.S.C. § 1412(a)(10)(C) .............................................................................................................5

20 U.S.C. § 1412(a)(10)(C)(i)...........................................................................................................5

20 U.S.C. § 1414(d)(1)(A)...............................................................................................................10

iii

| **Statutes** | **Pages** |
|---|---|

20 U.S.C. § 1415(i)(1)(B) .......................................................................................................4

20 U.S.C. § 1415(i)(2)(A) .......................................................................................................4

20 U.S.C. § 1415(i)(2)(C)(i)-(iii) ...........................................................................................5

20 U.S.C. § 1415(b)(6)(A) .......................................................................................................4

20 U.S.C. § 1415(f)(1)(A) .......................................................................................................4

20 U.S.C. § 1415(f)(3)(E)(ii) ...............................................................................................8, 9

20 U.S.C. § 1415(g)(1) ...........................................................................................................4

Fed. R. Civ. P. 56 ...................................................................................................................1

N.Y. Educ. Law § 4402(1)(b)(1) ...........................................................................................4

N.Y. Educ. Law § 4402(2) .......................................................................................................5

N.Y. Educ. Law § 4404(1)(a) .................................................................................................4

N.Y. Educ. Law § 4404(2) .......................................................................................................4

N.Y. Educ. Law § 4404(3)(a) .................................................................................................4

**PRELIMINARY STATEMENT**

Plaintiff Shevy Rosenberger (the "Parent"), individually and as parent and natural guardian of F.R. (the "Student"), a student with a disability, brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., to appeal the April 22, 2024 decision of a State Review Officer ("SRO"). In the underlying administrative proceedings, the Parent sought direct funding of the Student's private school tuition, related services and transportation after unilaterally placing the Student in the Special Torah Education Program ("STEP") for the 2022–2023 school year, alleging that Defendants denied the Student a free appropriate public education ("FAPE") and that placement at STEP was appropriate. On the administrative appeal, the SRO found that DOE had offered the Student a FAPE for the 2022-2023 school year, reversing the decision of the Impartial Hearing Officer ("IHO") on this issue. Accordingly, the SRO found that the Parent was not entitled to the requested relief.

Defendants, the New York City Department of Education ("DOE") and its Chancellor, now cross-move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in opposition to Plaintiffs' motion for summary judgment, and urge the Court to affirm the decision of the SRO. The SRO decision was well-reasoned, thorough, and appropriately concluded that DOE had indeed offered a FAPE to the Student. Plaintiffs' arguments to the contrary do not warrant departure from the well-settled principle that SRO decisions deserve deference from the Courts. Instead, the preponderance of the evidence, as robustly examined and weighed by the SRO, demonstrates that the SRO's decision was correct. DOE offered a FAPE to the Student. Further, the equities do not support the Parent's claim. Thus, the Court should deny Plaintiffs' motion and enter judgment for the DOE.

## STATEMENT OF MATERIAL FACTS

Defendants respectfully the Court to Defendants 56.1 Statement of Material Facts for a complete and accurate statement of the undisputed facts underlying this matter. ECF No. 23

## STATUTORY SCHEME AND STANDARD OF REVIEW

### A.    Purposes and Procedures of the IDEA

Congress enacted the IDEA to promote the education of students with disabilities. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 238–39 (2009). The IDEA provides that a child with a disability must receive a FAPE, which includes special education and related services provided at public expense. 20 U.S.C. §1400 (d)(1)(A). These services must meet the standards of the State educational agency and be provided in conformity with an IEP for each such student. 20 U.S.C. §1401; *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982). In New York, the State has assigned responsibility for developing IEPs to local CSEs, comprised of members appointed by the local school district's board of education. *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (citing N.Y. Educ. Law §4402 (1)(b)(1)). The CSE must examine the student's level of achievement and specific needs and determine an appropriate educational program. *R.E.*, 694 F.3d at 175 (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107-08 (2d Cir. 2007)).

The IDEA sets forth procedures for a parent to present a complaint regarding the educational placement of a student, including a complaint regarding the student's IEP. *See* 20 U.S.C. §1415 (b)(6)(A). Parents must file a due process complaint outlining their grounds for challenging the IEP before they are entitled to a hearing before an IHO. *See* 20 U.S.C. §1415 (f)(1)(A); N.Y. Educ. Law §4404 (1)(a). In New York State, the IHO's decision may be appealed by either party to the State Education Department's Office of State Review, where the SRO will independently review the findings and decision rendered by the IHO. 20 U.S.C. §1415 (g)(1);

N.Y. Educ. Law §4404 (2).  The SRO is empowered to modify "any determination of the impartial

hearing officer" relating to the selection of an appropriate special education program or service.

N.Y. Educ. Law §4404 (2).  Although the SRO's decision is considered final, a party aggrieved

by that decision may bring an action for relief in state or federal district court.  20 U.S.C. §§1415

(i)(1)(B), (2)(A); N.Y. Educ. Law §4404 (3)(a).

**B.    The Burlington/Carter Reimbursement Test under the FAPE Framework**

Parents who are dissatisfied with a school district's recommendations for their child for a

given school year may unilaterally place their child in a private school and then seek retroactive

tuition reimbursement from the local school district.  20 U.S.C. §1412 (a)(10)(C).  Parents who

choose this path, however, "do so at their own financial risk."  *Florence Cnty. Sch. Dist. Four v.*

*Carter*, 510 U.S. 7, 15 (1993) (quoting *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359,

373-74 (1985)); *see generally* 20 U.S.C. §1412 (a)(10)(C)(i).  A school district is required to pay

for the program selected by a parent only if: (1) the educational program recommended by the

school district was inadequate or inappropriate, (2) the program selected by the parent was

appropriate, such that the private program meets the student's special education needs, and (3) the

equities support the parent's claim.    These three factors, or "prongs," comprise the

*Burlington/Carter* test.  *T.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014) (citing

*M.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 135 (2d Cir. 2013); *Carter*, 510 U.S. 7, 15-16).

<u>ARGUMENT</u>

<u>LEGAL STANDARD</u>

Typically, courts evaluating claims under the IDEA "must engage in an independent review

of the administrative record and make a determination based on a preponderance of the evidence."

*Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007); see also 20 U.S.C. §

1415 (i)(2)(C)(i)-(iii) (2018).  In New York, this record typically comes from an SRO, the final

state administrative arbiter of questions relating to the IDEA, who reviews the decisions and orders of an IHO. N.Y. Educ. Law § 4402 (2).  A court's independent review must give deference to the factual findings in the underlying state administrative proceedings, where questions of educational methodology and policy are considered with greater expertise.  *Z.C. v. N.Y.C. Dep't of Educ.*, 222 F.Supp.3d 326, 332-33 (S.D.N.Y. 2011); *see also M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012).  A reviewing court must also take care not to "'credit the conclusions that [are] most consistent with its own subjective analysis,' [and] should only reject the SRO's conclusions if it finds that they are not supported by a preponderance of the evidence."  *W.A. v. Hendrick Hudson Cent. Sch. Dist.*, 927 F.3d 126, 149 (2d Cir. 2019) (quoting *M.H.*, 685 F.3d at 248).

Furthermore, "[w]here the IHO and SRO disagree, reviewing courts are not entitled to adopt the conclusions of either state reviewer according to their own policy preferences or views of the evidence; courts must defer to the reasoned conclusions of the SRO as the final state administrative determination."  *M.H.*, 685 F.3d at 246. If the SRO does not reach an issue decided by the IHO, then the Court should defer to the IHO.  *Id.* at 252.

Importantly though, the degree of deference afforded to the SRO's opinion depends upon "the quality of the opinion and the court's institutional competence."  *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) (citing *M.H.*, 685 F.3d at 244); *see also T.C. v. N.Y.C. Dep't of Educ.*, 15-CV-3477 (VEC), 2016 U.S. Dist. LEXIS 42545, at *15-16 (S.D.N.Y. Mar. 30, 2016).  A reviewing court's "institutional competence" is greatest when the questions in dispute concern "'issues of law,' such as the 'proper interpretation of the federal statute and its requirements,'"  *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 82 (2d Cir. 2005) (quoting *Mrs. B v. Milford Bd. of Educ.*, 103 F.3d 1114, 1122 (2d Cir. 1997).

That is not the case here.  In this action, the dispositive issue concerns what is required to

provide the Student a FAPE, which is clearly an issue of education methodology and policy.  Here,

the expertise of the State Review Officer, who carefully evaluated the IEP and summarized its

extensive analysis of the Student's disabilities and needs, and the very extensive provision of

educational and related services, and adaptive devices contained in the IEP in support of his finding

that the IEP offered a FAPE, is entitled to deference.  In addition, the expertise of the New York

State Department of Education, as reflected in that Department's regulations and guidance, which

are also cited and relied on by the SRO, concerning what staff/student configurations provide an

appropriate placement for students with certain disabilities and needs, and what constitutes direct

instruction and management needs, are also clearly matters of education policy and entitled to

deference.  Where "'persistent and difficult questions of education policy'" are in dispute, *C.F.*,

746 F.3d at 77 (quoting *Rowley*, 458 U.S. at 208), the determination of the SRO deserves greater

deference than a determination regarding an issue of law.  *See T.C.*, 2016 U.S. Dist. LEXIS 42545,

at *16; *see also R.E.,* 694 F.3d at 189.

**POINT I**

**THE SRO CORRECTLY HELD THAT
DEFENDANTS OFFERED THE STUDENT A
FAPE FOR THE 2022–2023 SCHOOL YEAR**

A public school district offers a "free appropriate public education" to a student with a

disability when, *inter alia*, it (1) adheres to the procedural requirements set forth in the IDEA for

developing an IEP and (2) develops an IEP that is substantively adequate for the student. *Bd. of*

*Educ. v. Rowley*, 458 U.S. 176, 206-07 (1982); *T.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145,

151, 160-61 (2d Cir. 2014); *R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 189-90 (2d Cir.

2012); *M.H. v. New York City Dep't of Educ.*, 685 F.3d 217, 245 (2d Cir. 2012); *Cerra v. Pawling*

5

*Cent. Sch. Dist.*, 427 F.3d 186, 192 (2d Cir. 2005).  SRO's well-reasoned conclusions are entitled to deference.

**A.    Any Procedural Deficiencies Did Not Deny the Student a FAPE**

Although a school district must comply with the procedural requirements of the IDEA, not every failure to adhere to a procedural requirement of the IDEA results in denial of FAPE.  *M.H.*, 685 F.3d at 245*; A.C. v. Bd. of Educ.*, 553 F.3d 165, 172 (2d Cir. 2009); *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 381 (2d Cir. 2003).  At the same time, "[m]ultiple procedural violations may cumulatively result in the denial of a FAPE even if the violations considered individually do not."  *R.E.*, 694 F.3d at 190-91 (internal citations omitted).  Ultimately, whether procedural violations of the IDEA result in a denial of FAPE requires a determination of whether these violations (1) "impeded the student's right to a [FAPE]," (2) "significantly impeded the parents' opportunity to participate in the decision-making process regarding the provision of [FAPE] to" the student, or (3) "caused a deprivation of educational benefits."  20 U.S.C. § 1415(f)(3)(E)(ii); 34 C.F.R. § 300.513(a)(2); 8 N.Y.C.R.R. § 200.5(j)(4)(ii); *R.E.*, 694 F.3d at 190.  Thus, for procedural flaws to amount to a denial of FAPE, they must either "result in the loss of educational opportunity or seriously infringe on a parent's participation in the creation or formulation of the IEP."  *W.S. v. Rye City Sch. Dist.*, 454 F. Supp. 2d 134, 138 (S.D.N.Y. 2006).  After a thorough and close review of the record, the IHO held, and the SRO affirmed that the alleged procedural deficiency did not deny the Student a FAPE for the 2022–2023 school year.

Here, Plaintiffs allege a single procedural violation – that DOE failed to send the Parent a School Location Letter dated October 23, 2023, and produced to Plaintiffs on November 3, 2023 prior to the November 8, 2023 administrative hearing.  Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment ("Plaintiffs' Memo") at p. 14.  As the SRO correctly found, the alleged procedural violations were not properly raised on appeal and therefore the IHO's ruling on

them was sufficient and subject to deference. In their instant memorandum, Plaintiff fails to point

to argue that such an alleged procedural violation resulted a denial of FAPE for the Student for

the school year-at-issue. Specifically, Plaintiff fails to point to how DOE's alleged failure to timely

submit a School Location Letter impeded the Student's right to a FAPE or the Parent's opportunity

to participate in the decision-making process and finally how such caused a deprivation of

educational benefits. 20 U.S.C. § 1415(f)(3)(E)(ii); 34 C.F.R. § 300.513(a)(2); 8 N.Y.C.R.R. §

200.5(j)(4)(ii); *R.E.*, 694 F.3d at 190. Here, Plaintiff alleges only that the School Location Letter

should have been excluded from consideration and that the submission of the letter was untimely.

These allegations fail to meet the standard showing that educational opportunities were lost or that

the Parent was seriously infringed from participation in the formulation and development of the

Student's IEP as is required. Further, in SRO Decision 24-074 (ECF No. 1-2) discusses that this

issue was remanded back to the IHO for further adjudication with respect to the Student's 2021-

2022 School Location Letter. Finally, in SRO Decision 24-407, the issue of whether the absence

of Student's School Location Letter amounted to a denial of FAPE has been adjudicated at the

administrative level; as such, the claim here should be rendered moot here. See Exhibit "A" SRO

Decision 24-407.

**B.      The DOE Recommended a Substantively Appropriate IEP**

As noted above, "a child has received a FAPE if the child's IEP sets out an educational

program that is 'reasonably calculated to enable the child to receive educational benefits.'"

*Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 995 (2017) (citing *Rowley*, 458 U.S.

at 206-207). As SRO correctly determined after thorough review of the record, the Student's IEP

was reasonably calculated to enable them to receive educational benefits. In other words, a school

district fulfills its substantive obligations under the IDEA "if it provides an IEP that is 'likely to

produce progress, not regression,' and if the IEP affords the student an opportunity greater than

7

mere 'trivial advancement.'" *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 195 (2d Cir. 2005) (quoting *Walczak*, 142 F.3d at 130).

An IEP is "likely to produce progress, not regression" when it sets forth the following: (1) the student's present levels of academic achievement and functional performance, (2) measurable annual goals, (3) how the student's progress towards those goals will be measured, (4) the special education program and related services that will be provided, (5) the reasons for and extent to which the student will be educated with non-disabled peers in a regular education environment, and (6) when the recommended services begin, their frequency, and their duration. *See* 20 U.S.C. § 1414 (d)(1)(A); 8 NYCRR § 200.4 (d)(2); *M.H.*, 685 F.3d at 245. A review of the Student's IEP for the 2022–2023 school year makes clear that it meets each of these requirements.

Plaintiffs contend that the Student's IEP was substantively inadequate because DOE failed to recommend an appropriate class size in the IEP. In his analysis, however, the SRO correctly determined, after a thorough review of the record, that the class size and recommendations form a basis for finding that the class size was "specifically tailored to meet the student's needs and supports a finding that, contrary to the IHO's determination, the 6:1+1 special class together with …the 1:1 paraprofessional and related services…was appropriate for the Student for the 2022-2023 school year." ECF No. 1-2 at 14. Here, the SRO credited the district special education teacher that this class size was able to address the Student's needs and to address the Student's deficits in a nurturing and safe environment that provided all necessary support and further that a substantive review of the evaluative information available to the Student's May 2022 CSE revealed no need to depart from that determination. Id. at 13-14.

First, the SRO provided a thorough analysis and review of the record, which supported a finding that the IEP offered sufficient related services, as well as the support of a 1:1

8

paraprofessional, a transportation paraprofessional and adaptive devices and other devices to support the Student's progress.  The SRO noted that the May 2022 CSE reviewed the Student's May 2022 STEP teacher progress, OT, speech-language therapy, and PT reports, a December 2021 district psychoeducational evaluation report, previous IEPs, and information obtained during the CSE meeting. Id. at 12.

Second, the DOE recommended an IEP with an appropriate class size.  As noted by the SRO, the class size recommended by the May 2022 CSE was appropriate as the Student would be provided with a full-time 1:1 individual paraprofessional for the purpose of providing individualized services and that such supports were consistent with state educational regulations relevant to this type of placement.  As the SRO noted, this recommendation was consistent with a New York State Department of Education regulation that that the maximum class size students with highly intensive management needs, whose programs consist primarily of habilitation and treatment, shall not exceed 6 students (see 8 NYCRR 200.6[h][4][ii][a]).

The SRO thus determined, based on a thorough review of the record and well-reasoned analysis of the law, that the May 30, 2019 IEP was legally sufficient and offered the Student with a FAPE.  This Court should afford the SRO's lengthy decision the requisite deference.

## POINT II

### THE SRO CORRECTLY ABSTAINED FROM DETERMINING THE REMAINING PRONGS OF THE BURLINGTON/CARTER ANALYSIS

The SRO correctly abstained from determining the remaining prongs of the *Burlington/Carter* test.  The remaining two prongs of the test concern the appropriateness of a parental placement and whether the equities support the parents' claim for relief.  The SRO need not decide on the remaining two prongs if the threshold question—namely, whether the school

9

district's recommendation was appropriate—is answered in the affirmative. *See, e.g., M.C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 66 (2d Cir. 2000); *Walczak*, 142 F.3d at 134.

Because DOE offered a FAPE to the Student, the Court need not reach the question of whether STEP was an appropriate placement for the Student or whether equitable considerations precluded relief. If the Court reverses the SRO with respect to its decision on the first prong of the *Burlington/Carter* test, however, then the DOE respectfully submits that the Court should remand this matter to the SRO for consideration of the IHO's findings with respect to the remaining two prongs. In the interest of completeness, however, the DOE contends that the equities do not favor the Plaintiff.

In considering the equities, hearing officers should consider "the parties' compliance or noncompliance with state and federal regulations pending review, the reasonableness of the parties' positions, and like matters." *Wolve v. Taconic Hills Central Sch. Dist.*, 167 F. Supp. 2d 530, 533 (N.D.N.Y. 2011). "Important to the equitable consideration is whether the parents obstructed or were uncooperative in the school district's efforts to meet its obligations under the IDEA." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 840 (2d Cir. 2014).

Accordingly, if *arguendo* the Court found that the DOE did not offer the Student a FAPE, the Court should nonetheless find that the equities favors the DOE and weigh against funding of the Student's cost of attendance at STEP and related transportation and other costs for the 2022–2023 school year.

## **CONCLUSION**

Based on the foregoing, Defendants David Banks and the New York City Department of

Education respectfully request that the Court deny Plaintiffs' motion for summary judgment, grant

Defendants' cross-motion for summary judgment, and award Defendants such other and further

relief that the Court shall deem just and proper.

Dated:        March 3, 2025
              New York, New York


                            **MURIEL GOODE-TRUFANT**
                            *Corporation Counsel of the*
                              *City of New York*
                            Attorney for Defendants
                            100 Church Street 2-189
                            New York, NY 10007
                            t: (212) 356-0884
                            f: (212) 356-1148
                            e: britchie@law.nyc.gov


                            By:      ____s/_____
                                     Bryn M. Ritchie
                                     *Assistant Corporation Counsel*