Index No. 24-cv-06334

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEVY ROSENBERGER, Individually and
as parent and natural guardian of F.R.,

Plaintiff,

-against-

DAVID C. BANKS, et al.,

Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS CROSS-MOTION FOR SUMMARY JUDGMENT

*HON. MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Bryn M. Ritchie*
*Tel:  (212) 356-0885*
*Matter #:  2024-075974*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT

      POINT I

            THE SRO CORRECTLY HELD THAT DEFENDANTS OFFERED F.R. A FAPE FOR THE 2022–2023 SCHOOL YEAR.................................................................... 2

            A.  The DOE Offered a Procedurally Adequate IEP ................................ 2

            B.  The DOE Recommended a Substantively Appropriate IEP ................................................................. 3

      POINT II

            THE SRO IS NOT OBLIGATED TO DETERMINE THE REMAINING PRONGS OF THE *BURLINGTON/CARTER* ANALYSIS ...................................................... 6

CONCLUSION............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Pages**

*Carrillo v. New York City Dep't of Educ.*,
    No. 21-CV-2639, 2023 U.S. App. LEXIS 10533
    (2d Cir. May 1, 2023) .................................................................................................5, 6

*Endrew F. v. Douglas County Sch. Dist. RE-1*,
    137 S. Ct. 988 (2017)......................................................................................................3

*M.C. v. Voluntown Bd. of Educ.*,
    226 F.3d 60 (2d Cir. 2000)..............................................................................................6

*M.H. v. New York City Dep't of Educ.*,
    685 F.3d 217 (2d Cir. 2012)...........................................................................................3

*Walczak v. Fla. Union Free Sch. Dist.*,
    142 F.3d 119 (2d Cir. 1988)...........................................................................................6

**Statutes**

8 N.Y.C.R.R. § 200.4(d)(2) ...................................................................................................3

8 N.Y.C.R.R. § 200.6(h)(4) ...................................................................................................5

8 N.Y.C.R.R. § 200.6(h)(4)(ii)(a) .........................................................................................5

20 U.S.C. § 1414(d)(1)(A)....................................................................................................3

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in further support of Defendants' Cross-Motion for Summary Judgment. Plaintiff, Shevy Rosenberger, individually and as Parent n of F.R. (the "Student"), seek private school tuition funding at Special Torah Education Program after unilaterally placing the Student there for the 2022-2023 school year. Plaintiff initially filed a Due Process Complaint and brought her claim through New York's two-tier administrative due process system. In this action, she seeks reversal of the April 22, 2024 decision of a State Review Officer ("SRO") No. 24-074 (ECF No. 1-2). The SRO reversed the Impartial Hearing Officer's ("IHO") FOFD and found that Defendants offered the Student a free and appropriate public education ("FAPE") and thus denied Plaintiff's claim for private school tuition funding. In SRO Decision 24-074, the SRO remanded proceedings back to the IHO to adjudicate the question as to whether the statute of limitations had run with respect to claims concerning the Student's 2021-2022 school year. As noted within Footnote 2 at paragraph 62 of the Complaint, the 2021-2022 claim is not the subject of the instant appeal. ECF No. 1 at 10.  The parties have cross-moved for summary judgment, and in their moving papers, Defendants noted that SRO Decision No. 24-074 was thorough and well-reasoned and should be upheld by this Court.

Specifically, in their Reply Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Defendants Cross-Motion for Summary Judgment ("Plaintiffs' Opposition Memorandum"), Plaintiffs continue to assert that Defendants failed to recommend an appropriate class grouping and ratio and that Defendants failed to provide a timely School Location Letter ("SLL"). For the reasons set forth below and set forth more fully in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment, the SRO decision should be upheld in its entirety.  The SRO correctly found that the Department of Education ("DOE") offered

the Student a FAPE for the 2022-2023 school year, and accordingly, summary judgement should be granted to Defendants.

## ARGUMENT

### POINT I

### THE SRO CORRECTLY HELD THAT DEFENDANTS OFFERED F.R. A FAPE FOR THE 2022–2023 SCHOOL YEAR

In requesting that the Court decline to give deference to the SRO's decision that Defendants offered F.R. a FAPE for the 2022–2023 school year, Plaintiffs' arguments that F.R.'s Individualized Education Plan ("IEP") was procedurally and substantively inadequate are thus unavailing.

#### A.     The DOE Offered a Procedurally Adequate IEP.

Here, Plaintiffs allege that DOE failed to provide "an actual physical placement that could implement the IEP." SRO Decision 24-074. Plaintiffs further allege that the SLL (dated June 10, 2022) was unreliable and not properly disclosed within five business days. On this point, the SRO found that IHOs are granted broad discretion to afford the parties with meaningful opportunities to vindicate their rights, to afford the parties the right to introduce evidence and to question witnesses and to exclude evidence to ensure a complete hearing record. SRO Decision 24-074 at 13-14. The SRO found that the IHO failed to address or cite to the SLL, nor was it clear to the SRO that the allegations with respect to the SLL bared on the IHO's finding on FAPE. Id. at 14. While the SRO notes that the Parents must be apprised of the brick and mortar location where the Student's IEP will be implemented "at some point prior to or contemporaneous with the date of initiation of service", there is no particular means pursuant to statute or regulation by which this must be communicated. Id. Further, the SRO found that "there is an admission that the parent received a school location letter and the parent has not asserted that she did not receive the school

location letter included in the hearing record." Id. Here, the Parent also argued that there was no evidentiary support to show that a seat would be available at the proposed public school. However, the SRO found that DOE provided a June 10, 2022 school location letter which designated a contact at the proposed school, that the parent had contacted that person before in November 2021, but that there was no indication that the parent had ever been in contact with that person with respect to the Student's 2022-2023 school year.

**B.     The DOE Recommended a Substantively Appropriate IEP.**

As noted in Defendants' cross-motion for summary judgment, "a child has received a FAPE if the child's IEP sets out an educational program that is 'reasonably calculated to enable the child to receive educational benefits.'" *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 995 (2017) (internal citations omitted). An IEP is "likely to produce progress, not regression" when it sets forth the following: (1) the Student's present levels of academic achievement and functional performance, (2) measurable annual goals for the Student, (3) how the Student's progress towards those goals will be measured, (4) the special education program and related services that will be provided, (5) the reasons for and extent to which the Student will be educated with non-disabled peers in a regular education environment, and (6) when the recommended services begin, their frequency, and their duration. *See* 20 U.S.C. § 1414(d)(1)(A); 8 N.Y.C.R.R. § 200.4(d)(2); *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 245 (2d Cir. 2012).

Plaintiff states in conclusory fashion that SRO Decision 24-074 requires additional analysis and should not be entitled to deference. Clearly, however, the SRO conducted a thorough analysis and review of the record and found that the recommended placement and program were appropriate to the Student's needs and goals.

Here, the SRO found that the IHO's analysis that the Student was denied FAPE for the 2022-2023 school year was limited to a single paragraph finding that the evidence submitted

3

was insufficient to demonstrate FAPE for the 2022-2023 school year. SRO Decision No. 24-047 at 9. Further, the SRO found that the IHO had failed to conduct a thorough analysis of the record because she failed to indicate what documentary evidence she relied on and further did not cite to any documentary evidence to support her conclusory finding that the Student was denied FAPE for the 2022-2023 school year. SRO Decision 24-074 at 10.

Plaintiffs alleged that the Student required a 3:1+2 class size and grouping for the Student receive an appropriate education and that there is no evidence to support Defendants' recommendation of a 6:1+1 class size and grouping in the May 2022 IEP. Id. at 11. Here, in finding that the Defendants' recommendation on class size and grouping was appropriate, the SRO relied on the affidavit testimony of the district special education teacher who testified that the CSE had reviewed "the Student's May 2022 STEP teacher progress [report], OT, speech-language therapy, and PT reports, a December 2021 district psychoeducational evaluation report, previous IEPs, and information obtained during the [May 23, 2022] CSE meeting." Id at 11. The SRO further credited that testimony in finding that the CSE discussed and considered the Student's management needs and recommended "incorporating modalities and methods most likely to promote improvement given her limitations and challenges." Id. at 12. Further, the SRO found that the May 2022 IEP contained measurable annual goals with short-term objectives that reflected the Student's educational and management needs. The SRO also found that the May 2022 IEP mirrored language from the private schools reports. Id. at 12.

To address the Student's management needs, the SRO found that the CSE appropriately recommended full-time individual paraprofessional services to support such. Id. Furthermore, the SRO credited the CSE with recommending a host of compensatory services to meet the Student's needs including:

"two 30-minute sessions per week of individual OT, one 30-minute session per week of group OT (2:1), two 30-minute sessions per week of individual PT, three 30-minute sessions per week of individual speech-language therapy in Yiddish, and two 30-minute sessions per week of individual vision education services…[and] four group sessions of parent counseling and training per year".

Id.

The SRO found that the recommended 6:1+1 class size and grouping in the May 2022 IEP was consistent with the recommendation for students whose management needs are considered highly intensive and needing a high degree of individualized attention and intervention. Id. at 12 citing 8 NYCRR 200.6[h][4][ii][a]. Further the SRO found that the CSE had considered alternative class sizes and groupings and found them insufficient or overly restrictive crediting the district special education teacher's testimony that the recommended programing "was able to address [the Student's] deficits and needs in a nurturing and safe environment that provided all necessary supports." Id. at 13.

Despite Plaintiffs' stated preference for a 3:1+2 class size and grouping, the SRO found that the 6:1+1 class size and grouping with supports that was recommended in the May 2022 IEP was appropriate for this Student for the 2022-2023 school year. Here, this claim with respect to class size and grouping is on all fours with the Second Circuit's summary decision and order in *Carrillo v. N.Y.C. Dep't of Educ.*, 2023 U.S. App. LEXIS 10533, No. 21-CV-2639 (2d. Cir., May 1, 2023). Like the Student in *Carrillo* who requested a different class size and grouping due to their alleged degree of management needs than that which was recommended by the CSE, the Student here has requested the same. The *Carrillo* Student also appealed that recommendation in District Court, but was denied. The Second Circuit in *Carrillo* relied on its application of the plain language of 8 NYCRR § 200.6 (h)(4). Indeed, the Second Circuit in *Carillo* found that "the CSE determined based on [the Student]'s individual needs that [they] should be placed in [a classroom of the recommended size and grouping]. Nothing about the regulation prohibits this. The CSE met

5

its obligation to carefully consider the student's needs and developed a plan that would provide [them] with a FAPE." *Carillo* at 7. Of particular importance to the Second Circuit was their reliance on the thorough and well-reasoned analyses of the administrative hearing officers and the underlying administrative record below stating that "[d]eference to the local decision makers is particularly appropriate in this case" and that "the judiciary generally lacks the specialize knowledge and experience necessary to resolve persistent and difficult question of educational policy." Id.

## POINT II

## THE SRO IS NOT OBLIGATED TO DETERMINE THE REMAINING PRONGS OF THE *BURLINGTON/CARTER* ANALYSIS

The SRO is under no obligation to determine the remaining prongs of the *Burlington/Carter* test when there is a finding that the school district offered an adequate or appropriate educational program. *M.C. v. Voluntown Bd. of Educ.,* 226 F.3d 60, 66 (2d Cir. 2000); *Walczak v. Fla. Union Free Sch. Dist.,* 142 F.3d 119, 134 (2d Cir. 1988). "If the challenged IEP was adequate, the state has satisfied its obligations under the IDEA and the necessary inquiry is at an end." *Id.*

Here, the SRO properly found that the DOE's recommendation was appropriate, and that the Student was provided a FAPE for the 2022–2023 school year. Therefore, it was not necessary for the SRO to make definitive findings as to the remaining two prongs.

## CONCLUSION

Based on the foregoing, and on all papers previously submitted, Defendants respectfully request that the Court deny Plaintiffs' motion for summary judgment, grant Defendants' cross-motion, dismiss the Complaint in its entirety, and award Defendants such other and further relief that the Court shall deem just and proper.

Dated:       April 15, 2025
             New York, New York

                              **MURIEL GOODE-TRUFANT**
                              *Corporation Counsel of the City of New York*
                              Attorney for Defendants
                              100 Church Street
                              New York, NY 10007
                              t: (212) 356-0885
                              f: (212) 356-1148
                              e: britchie@law.nyc.gov


             By:     /s_____

                     Bryn M. Ritchie
                     *Assistant Corporation Counsel*

7